Anna Y. Park, CA SBN 164242
Nakkisa Akhavan, CA SBN 286260
Connie K. Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA  90012
Telephone:  (213) 785-3080
Facsimile:  (213) 894-1301
Email: anna.park@eeoc.gov

Attorney for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br>RALPHS GROCERY COMPANY,<br><br>        Defendant. | Case No.:  '20CV1802 WQHMDD<br><br>**COMPLAINT**<br><br>• **CIVIL RIGHTS**<br>• **EMPLOYMENT DISCRIMINATION**<br><br>(42 U.S.C. §§ 2000e, et seq.)<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action brought by Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") under Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Discrimination Act of 1978,

and Title I of the Civil Rights Act of 1991 (hereinafter "Title VII") to correct unlawful employment practices and to provide appropriate relief to Mercedes Boes ("Charging Party") . The Commission alleges that Ralphs Grocery Company ("Defendant") unlawfully discriminated against Charging Party on the basis of pregnancy, a condition of sex (female) in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2.      This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of California.

## PARTIES

4.      The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the Pregnancy Discrimination Act of 1978.  The Commission is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5.      At all relevant times, Defendant has continuously been a corporation doing business within California and the jurisdiction of the United States District Court for the Southern District of California.

6.      At all relevant times, Defendant has continuously employed fifteen (15) or more persons.

7.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e-(1) (b), (g), and (h).

## STATEMENT OF CLAIMS

8.      All conditions precedent have been fulfilled by more than thirty (30) days prior to the institution of this lawsuit.

9.      Prior to filing suit, the Commission issued Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and invited Defendant to join with the Commission in informal methods of conciliation to provide appropriate relief.

10.      The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.      Defendant operates a retail grocery chain within San Diego County.

12.      During December 2015 to June 21, 2016, Charging Party was employed as a Courtesy Clerk by Defendant.

13.      During March 2016 through June 2016, Defendant subjected Charging Party to disparate treatment, harassment, and constructive discharge on the basis of pregnancy, a condition of sex (female), in violation of Sections 701 (k) and 703 (a)(1) of Title VII, 42 U.S.C. §§ 42 U.S.C. 2000e(k) and 2000e-2(a)(1).

14.      The effect of the practices complained of, as described above, has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee, because of pregnancy, a condition of sex, female.

15.      The unlawful employment practices complained of, as described above, were intentional and caused Charging Party to suffer emotional distress.

16.      The unlawful employment practices complained of, as described

above, were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice in violation of Title VII, as amended.

B. Order Defendant to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of Title VII, as amended.

C. Order Defendant to make whole Charging Party by providing her appropriate back- pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D. Order Defendant to make whole Charging Party by providing her compensation for past and future pecuniary losses, in amounts to be determined at trial including, but not limited to, out-of-pocket expenses suffered by her which resulted from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Defendant to make whole Charging Party by providing her compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial. The non-pecuniary losses include, but are not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life.

F. Order Defendant to pay Charging Party punitive damages for malicious and/or reckless conduct as described above, in amounts to be determined at trial.

G. Award the Commission its costs of this action.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


Dated: September 14, 2020    Respectfully Submitted,

            SHARON GUSTAFSON,
            General Counsel

            ROBERT A. CANINO,
            Acting Deputy General Counsel

            GWENDOLYN YOUNG REAMS,
            Associate General Counsel


            U.S. EQUAL EMPLOYMENT
            OPPORTUNITY COMMISSION
            131 M Street, NE
            Washington, DC 20507


     By:  _/s/ Anna Y. Park_____
            Anna Y. Park,
            Regional Attorney

            U.S. EQUAL EMPLOYMENT
            OPPORTUNITY COMMISSION